# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) CIVIL NO. 7:20-CV-130 |
| vs. | ) |
| | ) |
| 191.30 ACRES OF LAND, MORE OR LESS, SITUATE IN STARR COUNTY, STATE OF TEXAS; AND SERVANDO LUERA | ) ) ) ) |
| | ) |
| Defendants. | ) |

## COMPLAINT IN CONDEMNATION

1. This is a civil action brought by the United States of America at the request of the Secretary of the Department of Homeland Security, through [the Acquisition Program Manager, Wall Program Management Office, U.S. Border Patrol Program Management Office Directorate, U.S. Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security], for the taking of property under the power of eminent domain through a Declaration of Taking, and for the determination and award of just compensation to the owners and parties in interest.

2. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1358.

3. The interest in property taken herein is under and in accordance with the authority set forth in Schedule "A."

4. The public purpose for which said interest in property is taken is set forth in Schedule "B."

5. The legal description and map or plat of land in which certain interests are being acquired by the filing of this Complaint, pursuant to the Declaration of Taking, are set forth in

Schedules "C" and "D."

6. The interest being acquired in the property described in Schedules "C" and "D" is set forth in Schedule "E."

7. The amount of just compensation estimated for the property interest being acquired is set forth in Schedule "F."

8. The names and addresses of known parties having or claiming an interest in said acquired property are set forth in Schedule "G."

9. Local and state taxing authorities may have or claim an interest in the property by reason of taxes and assessments due and eligible.

WHEREFORE, Plaintiff requests judgment that the interest described in Schedule "E" of the property described in Schedules "C" and "D" be condemned, and that just compensation for the taking of said interest be ascertained and awarded, and for such other relief as may be lawful and proper.

    Respectfully submitted,

    **RYAN K. PATRICK**
    United States Attorney
    Southern District of Texas

By: *s/ Manuel Muniz Lorenzi*
    **MANUEL MUNIZ LORENZI**
    Assistant United States Attorney
    Southern District of Texas No. 338159
    Puerto Rico Bar No. 21246
    1701 W. Bus. Highway 83, Suite 600
    McAllen, TX 78501
    Telephone:  (956) 618-8010
    Facsimile:  (956) 992-9425
    E-mail: MMunizLorenzi@usa.doj.gov

# SCHEDULE A

## **SCHEDULE A**

### AUTHORITY FOR THE TAKING

The property is taken under and in accordance with 40 U.S.C. §§ 3113 and 3114, which authorize the condemnation of land and the filing of a Declaration of Taking; the Act of Congress approved September 30, 1996, as Public Law 104-208, Division C, Section 102, 110 Stat. 3009-546, 3009-554-55, as amended and codified at 8 U.S.C. § 1103(b) & note; and the Act of Congress approved February 15, 2019, as Public Law 116-6, div. A, tit. II, Section 230, which appropriated the funds that shall be used for the taking.

# SCHEDULE B

# SCHEDULE B

## **SCHEDULE B**

## PUBLIC PURPOSE

The public purpose for which said property is taken is to conduct surveying, testing, and other investigatory work needed to plan the proposed construction of roads, fencing, vehicle barriers, security lighting, cameras, sensors, and related structures designed to help secure the United States/Mexico border within the State of Texas.

# SCHEDULE C

## SCHEDULE C

LEGAL DESCRIPTION

STARR County, Texas

Tract: RGV-RGC-1013
Owner: Servando Luera
Acres: 191.30

A tract of land containing 197.20 acre gross and a net acreage of 191.30 acres more or less including all surface and subsurface minerals, out of and forming a part or portion of Tract No. 10 out of Porcion No. 58, Mier, 2nd Shares Nos. 1, 3, 4, 5, 6, 8, 9, 11, 12, 13 and 14 out of Porcion No. 59 Ancient Jurisdiction of Mier, now Starr County, Texas as Trimble Map and being more particularly described by metes and bounds as follows:

BEGINNING at a set iron pin on or about the dividing fence line between Shares Nos. 14 and 7-B, of Porcion 59, Mier 2nd being on the South R.O.W. line of a 20.0 feet Road Easement, S. 77* 12' 14" E., 5260.66 feet, from the North corner of Tract No. 8 of said Porcion No. 58, Mier, for the East corner hereof;

THENCE, following meandering fence line as follows:
    S. 55* 38' 21" W., 629.89 feet;
    S. 55* 30' 27" W., 997.65 feet;
    S. 55* 42' 46" W., 608.23 feet;
    N. 34* 28' 28" W., 99.13 feet;
    S. 55* 40' 14" W., 476.76 feet;
    S. 55* 37' 29" W., 1554.29 feet to a set iron pin on the North High Bank of the Rio Grande River, for the South corner hereof;

THENCE, following the North Bank of the Rio Grande River, N. 71* 47' 22" W., 2051.30 feet to a set iron pin, for the West corner hereof;

THENCE, following a meandering fence line to the Northeast as follows:
    N. 55* 58' 15" E., 1273.61 feet;
    N. 34* 02' 01" W., 70.95 feet;
    N. 53* 31' 00" E., 369.03 feet;
    S. 44* 58' 07" E., 139.59 feet;
    N. 55* 28' 24" E., 1814.26 feet;
    N. 18* 54' 57" E., 808.79 feet;
    S. 60* 03' 14" E., 52.01 feet;
    N. 71* 45' 17" E., 405.54 feet;
    S. 34* 20' 11" E., 35.72 feet;
    N. 55* 32' 07" E., 971.43 feet on or about the dividing fence line between Porciones Nos. 58 and 59 to a set iron pin for the North corner hereof;

**SCHEDULE C, cont'd**

THENCE, S. 34* 20' 25" E., 1961.98 feet along the dividing line between Parcel 6 and this Parcel to the PLACE OF BEGINNING and containing within these metes and bounds 197.20 gross acres of land more or less.

SAVE AND EXCEPT:

PART I

A tract of land containing 5.05 acres more or less out of and forming a part or portion of Share No. 1 of Porcion No. 59, Ancient Jurisdiction of Mier, Mexico now Starr County, Texas and more particularly described by metes and bounds, as follows:

BEGINNING at a set iron pin on the East Line of 20.0 foot road in Share No. 1 for the North corner hereof; which point and corner are distance, S. 29* 03' 41" E., 2448.78 feet, from the North corner of Tract No. 8 of said Porcion No. 58, Mier Jurisdiction.

THENCE, following the East R.O.W. Easement of a 20.0 foot road, S. 34* 17' 43" E., 400.0 feet to a set 5/8" iron pin, for the East corner hereof;

THENCE, S. 55* 42' 17" W., 550.0 feet to a set 5/8" iron pin, for the South corner hereof;

THENCE, N. 34* 17' 43" W., 400.0 feet to a set 5/8" iron pin, for the West corner hereof;

THENCE, N. 55* 42' 17" E., 550.0 feet to the PLACE OF BEGINNING and containing within these metes and bounds 5.05 acres of land more or less.

PART II

A tract of land containing 0.85 of an acre more or less out of and forming a part or portion of Share Nos. 1, 3 and 5 of Porcion No. 59, Ancient Jurisdiction of Mier, Mexico now Starr County, Texas and more particularly described by metes and bounds as follows:

BEGINNING at a found 5/8" iron pin at corner of fence in Share No. 5 of Porcion No. 59, Mier Jurisdiction, for the North corner hereof, which pin and corner are distant, S. 32* 26' 45" E., 2549.78 feet from a found 5/8" iron pin being the recognized North corner of Tract No. 8 of Porcion No. 58, Mier Jurisdiction, as per Trimble Map.

THENCE, following fence, S. 54* 26' 20" E., 235.97 feet to a found 5/8" iron pin at corner of fence, for the East corner hereof;

**SCHEDULE C, cont'd**

THENCE, following fence, S. 48* 33' 39" W., 203.94 feet to a found 5/8" iron pin on the East R.O.W. Easement of Road, for the South corner hereof;

THENCE, with said East R.O.W. Easement of Road, N. 34* 17' 43" W., 225.00 feet to a set 5/8" iron pin at corner of fence, for the West corner hereof;

THENCE, following fence, N. 45* 26' 57" E., 123.05 feet to the PLACE OF BEGINNING and containing within these metes and bounds 0.85 of an acre of land more or less.

FOR A NET CONVEYANCE OF 191.30 ACRES MORE OR LESS.

# SCHEDULE D

## SCHEDULE D

## MAP or PLAT



LAND TO BE CONDEMNED

Tract: RGV-RGC-1013
Owner: Servando Luera
Acreage: 191.30

\* The case caption identifies acreage for the entire parent tract; access to the entire parent tract may be necessary to complete a survey of the proposed tract outlined in red on the map above.

# SCHEDULE E

**SCHEDULE E**

ESTATE TAKEN

Starr County, Texas

Tract: RGV-RGC-1013
Owner: Servando Luera
Acres: 191.30

The estate taken is a temporary, assignable easement beginning on the date possession is granted to the United States and ending 12 months later, consisting of the right of the United States, its agents, contractors, and assigns to enter in, on, over and across the land described in Schedule C to survey, make borings, and conduct other investigatory work for the purposes described in Schedule B and to access adjacent lands; including the right to trim or remove any vegetative or structural obstacles that interfere with said work; reserving to the landowners, their successors and assigns all right, title, and privileges as may be used and enjoyed without interfering with or abridging the rights hereby acquired; subject to minerals and rights appurtenant thereto, and to existing easements for public roads and highways, public utilities, railroads and pipelines.

# SCHEDULE F

## **SCHEDULE F**

ESTIMATE OF JUST COMPENSATION

The sum estimated as just compensation for the land being taken is ONE HUNDRED DOLLARS AND NO/100 ($100.00), to be deposited herewith in the Registry of the Court for the use and benefit of the persons entitled thereto; and, an additional sum determined at the conclusion of the temporary estate described in Schedule E to constitute actual damages, if any.

# SCHEDULE G

## SCHEDULE G

### INTERESTED PARTIES

The following table identifies all persons who have or claim an interest in the property condemned and whose names are now known, indicating the nature of each person's property interest(s) as indicated by references in the public records and any other information available to the United States. See Fed. R. Civ. P. 71.1(c).

| Interested Party | Reference |
|---|---|
| **Servando Luera** <br> ███████████ <br> Falcon Heights, Texas ███ | Deed of Gift, Document #189307, Volume 0771, Page 781, Filed for Record January 22, 1997, Official Records of Starr County |

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____