IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CASE NO.: 7:20-CV-130 |
| 191.30 ACRES OF LAND, MORE OR LESS, SITUATE IN STARR COUNTY, STATE OF TEXAS, AND SERVADO LUERA | § § § § § § | |
| *Defendant.* | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER FRCP 26(f)**

1. **State when and in what manner the parties conferred as required by Rule 26(f), and identify the counsel and/or parties who participated in the conference.**

   Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the United States has made every effort to contact and locate the landowner and now unilaterally submits this case management plan to the Court. Efforts and steps taken in attempting to locate this landowner are memorialized in number 15 below. The United States attempted to confer with potential defendant between February 5, 2020 and July 27, 2020.

2. **List by case number and court any cases related to this one that are pending in any state or federal court and describe how they are related.**

   None at this time.

3. **Briefly describe what this case is about.**

   This is a civil action brought by the United States of America under the power of eminent domain through a Declaration of Taking at the request of the Secretary of the Department of Homeland Security, through the Acquisition Program Manager, Wall Program Management Office, U.S. Border Patrol Program Management Office Directorate, U.S. Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security, for the taking of a temporary assignable easement beginning on the date possession is granted to the United States and ending 12 months later, consisting of the right of the United States, its agents, contractors, and assigns to enter in, on, over and across the land described in

Schedule C of the Declaration of Taking to survey, make borings, and conduct other investigatory work needed to plan the proposed construction of border infrastructure.

4. **Specify the allegation of federal jurisdiction.**

   Plaintiff alleges the Court has subject matter jurisdiction over this condemnation action pursuant to 28 U.S.C. § 1358.

5. **Name the parties who disagree with the jurisdictional allegations and state their reasons.**

   None at this time.

6. **List anticipated additional parties that should be included, when they can be added, and which parties desire their inclusion.**

   None at this time.

7. **List anticipated interventions.**

   None at this time.

8. **Describe any class−action issues.**

   None at this time.

9. **State whether each party represents that it has made the initial disclosures required by FRCP 26(a). If not, describe the arrangements that have been made to complete such disclosures.**

   Pursuant to Federal Rule of Civil Procedure 26(a)(1)(C), the United States objects to making initial disclosures because they are unnecessary for this condemnation action for a nonexclusive temporary easement and are not appropriate in the circumstances of this limited taking.

   The position of the United States regarding its justification for the valuation of the temporary non-exclusive easement acquired in this case is as follows:

   The sole issue in this condemnation case is whether a nonexclusive temporary easement to survey and assess a portion of Defendant's 191.30 acres (identified as Tract RGV-RGC-1013) creates any just compensation. Compensation for temporary easements is based on the market rental value of the affected area "for the term of the temporary easement, adjusted as appropriate for the rights of use, if any, reserved to the landowner." Uniform Appraisal Standards for Federal Land Acquisitions 4.6.5.1.2; See Kimball Laundry Co. v. United States, 338 U.S. 1, 6-7 (1949).

The easement acquired has no effect on the market rental value of the land encumbered based on the purpose of the easement, its location in relation to the boundary lines of the larger parcel, and its minimal intrusiveness. The acquired easement does not interfere with the land's current use, nor does it interfere with any use or enjoyment of the land by the landowner.

Overall the acquired easement is minimally intrusive given that contractors will be on the parent tract for short periods of time and not consistently for the easement's 12 month term. The government is required to compensate the landowner for the loss it suffered for the easement's 12 month term; however, this value is nominal given the nature of the easement acquired and its minimal impact on the parent tract. U.S. v. Michoud Indus. Facilities, 322 F.2d 698, 708 (5th Cir. 1963).

Furthermore, any claim for damages to the Defendant's property resulting from the government's access would be addressed in a separate cause of action. Any fee acquisition of Defendant's property that may later be sought would also be addressed in a separate cause of action.

Additionally, the sole defense to a condemnation action is that the United States lacks authority for the taking. United States v. 162.20 Acres of Land, More or Less, Situated in Clay Cty., State of Miss., 639 F.2d 299, 303 (5th Cir. 1981) cert. denied 454 U.S. 828 (1981). The sole issue remaining after litigation of any challenge to the right to take is valuation. After Fed. R. Civ. P. 26(b)(1) was amended to rely on the common-sense concept of proportionality Chief Justice John Roberts wrote in the 2015 Year-End Report on the Federal Judiciary that "the pretrial process must provide parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery."

If the Court allows for initial disclosures in this condemnation action for a nonexclusive temporary easement for a right of entry, then the United States anticipates making the initial disclosures at or within 14 days after the Parties' Rule 26(f) conference.

10. **Describe the discovery plan agreed by the parties by stating:**

   **A. What changes should be made in the timing, form or requirement for disclosures under Rule 26(a).**

   None.

   **B. When and to whom the plaintiff anticipates it may send interrogatories.**

   Pursuant to Fed. R. Civ. P. 26(b) (1), the United States objects to the use of interrogatories in this condemnation action because they exceed the scope of discovery. Interrogatories are not proportional to the needs of this condemnation case considering the amount in controversy and the importance of the discovery in resolving the issues.

The position of the United States regarding its justification for the valuation of the temporary non-exclusive easement acquired in this case is as follows:

The sole issue in this condemnation case is whether a nonexclusive temporary easement to survey and assess a portion of Defendant's 191.30 acres (identified as Tract RGV-RGC-1013) creates any just compensation. Compensation for temporary easements is based on the market rental value of the affected area "for the term of the temporary easement, adjusted as appropriate for the rights of use, if any, reserved to the landowner." Uniform Appraisal Standards for Federal Land Acquisitions 4.6.5.1.2; See Kimball Laundry Co. v. United States, 338 U.S. 1, 6-7 (1949).

The easement acquired has no effect on the market rental value of the land encumbered based on the purpose of the easement, its location in relation to the boundary lines of the larger parcel, and its minimal intrusiveness. The acquired easement does not interfere with the land's current use, nor does it interfere with any use or enjoyment of the land by the landowner.

Overall the acquired easement is minimally intrusive given that contractors will be on the parent tract for short periods of time and not consistently for the easement's 12 month term. The government is required to compensate the landowner for the loss it suffered for the easement's 12 month term; however, this value is nominal given the nature of the easement acquired and its minimal impact on the parent tract. U.S. v. Michoud Indus. Facilities, 322 F.2d 698, 708 (5th Cir. 1963).

Furthermore, any claim for damages to the Defendant's property resulting from the government's access would be addressed in a separate cause of action. Any fee acquisition of Defendant's property that may later be sought would also be addressed in a separate cause of action.

Additionally, the sole defense to a condemnation action is that the United States lacks authority for the taking. United States v. 162.20 Acres of Land, More or Less, Situated in Clay Cty., State of Miss., 639 F.2d 299, 303 (5th Cir. 1981) cert. denied 454 U.S. 828 (1981). The sole issue remaining after litigation of any challenge to the right to take is valuation. After Fed. R. Civ. P. 26(b)(1) was amended to rely on the common-sense concept of proportionality Chief Justice John Roberts wrote in the 2015 Year-End Report on the Federal Judiciary that "the pretrial process must provide parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery."

If the Court allows interrogatories in this condemnation action for a nonexclusive temporary easement for a right of entry then Plaintiff anticipates sending interrogatories to the landowner(s).

**C. When and to whom the defendant anticipates it may send interrogatories.**

The United States has not been able to locate the landowner at this time and does not know the position of the defendant(s).

**D. Of whom and by when the plaintiff anticipates taking oral depositions.**

Pursuant to Fed. R. Civ. P. 26(b) (1), the United States objects to the use of depositions in this condemnation action because they exceed the scope of discovery. Depositions are not proportional to the needs of this condemnation case considering the amount in controversy and the importance of the discovery in resolving the issues.

The position of the United States regarding its justification for the valuation of the temporary non-exclusive easement acquired in this case is as follows:

The sole issue in this condemnation case is whether a nonexclusive temporary easement to survey and assess a portion of Defendant's 191.30 acres (identified as Tract RGV-RGC-1013) creates any just compensation. Compensation for temporary easements is based on the market rental value of the affected area "for the term of the temporary easement, adjusted as appropriate for the rights of use, if any, reserved to the landowner." Uniform Appraisal Standards for Federal Land Acquisitions 4.6.5.1.2; See Kimball Laundry Co. v. United States, 338 U.S. 1, 6-7 (1949).

The easement acquired has no effect on the market rental value of the land encumbered based on the purpose of the easement, its location in relation to the boundary lines of the larger parcel, and its minimal intrusiveness. The acquired easement does not interfere with the land's current use, nor does it interfere with any use or enjoyment of the land by the landowner.

Overall the acquired easement is minimally intrusive given that contractors will be on the parent tract for short periods of time and not consistently for the easement's 12 month term. The government is required to compensate the landowner for the loss it suffered for the easement's 12 month term; however, this value is nominal given the nature of the easement acquired and its minimal impact on the parent tract. U.S. v. Michoud Indus. Facilities, 322 F.2d 698, 708 (5th Cir. 1963).

Furthermore, any claim for damages to the Defendant's property resulting from the government's access would be addressed in a separate cause of action. Any fee acquisition of Defendant's property that may later be sought would also be addressed in a separate cause of action.

Additionally, the sole defense to a condemnation action is that the United States lacks authority for the taking. United States v. 162.20 Acres of Land, More or Less, Situated in Clay Cty., State of Miss., 639 F.2d 299, 303 (5th Cir. 1981) cert. denied 454 U.S. 828 (1981). The sole issue remaining after litigation of any challenge to the right to take is valuation. After Fed. R. Civ. P. 26(b)(1) was amended to rely on the common-sense concept of proportionality Chief Justice John Roberts wrote in the 2015 Year-End Report on the Federal Judiciary that "the pretrial process must provide parties with

efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery."

If the Court allows depositions in this condemnation action for a nonexclusive temporary easement for a right of entry, then the United States anticipates deposing the landowner(s).

**E. Of whom and by when the defendant anticipates taking oral depositions.**

The United States has not been able to locate the landowner at this time and does not know the position of the defendant(s).

**F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Defendants have the burden of proof of establishing value of property interest taken. *United States v. 8.41 Acres of Land,* 680 F.2d 388, 392 (5th Cir. 1982).

The United States objects to the designation of experts in this condemnation action because interrogatories exceed the scope of discovery under Federal Rule of Civil Procedure 26(b)(1). Specifically, the use and designation of experts are not proportional to the needs of this condemnation action considering the amount in controversy and the importance of the discovery in resolving the issues; the cost of any proposed use of experts would exceed the amount in controversy.

The position of the United States regarding its justification for the valuation of the temporary non-exclusive easement acquired in this case is as follows:

The sole issue in this condemnation case is whether a nonexclusive temporary easement to survey and assess a portion of Defendant's 191.30 acres (identified as Tract RGV-RGC-1013) creates any just compensation. Compensation for temporary easements is based on the market rental value of the affected area "for the term of the temporary easement, adjusted as appropriate for the rights of use, if any, reserved to the landowner." Uniform Appraisal Standards for Federal Land Acquisitions 4.6.5.1.2; See Kimball Laundry Co. v. United States, 338 U.S. 1, 6-7 (1949).

The easement acquired has no effect on the market rental value of the land encumbered based on the purpose of the easement, its location in relation to the boundary lines of the larger parcel, and its minimal intrusiveness. The acquired easement does not interfere with the land's current use, nor does it interfere with any use or enjoyment of the land by the landowner.

Overall the acquired easement is minimally intrusive given that contractors will be on the parent tract for short periods of time and not consistently for the easement's 12 month term. The government is required to compensate the landowner for the loss it

suffered for the easement's 12 month term; however, this value is nominal given the nature of the easement acquired and its minimal impact on the parent tract. U.S. v. Michoud Indus. Facilities, 322 F.2d 698, 708 (5th Cir. 1963).

Furthermore, any claim for damages to the Defendant's property resulting from the government's access would be addressed in a separate cause of action. Any fee acquisition of Defendant's property that may later be sought would also be addressed in a separate cause of action.

Additionally, the sole defense to a condemnation action is that the United States lacks authority for the taking. United States v. 162.20 Acres of Land, More or Less, Situated in Clay Cty., State of Miss., 639 F.2d 299, 303 (5th Cir. 1981) cert. denied 454 U.S. 828 (1981). The sole issue remaining after litigation of any challenge to the right to take is valuation. After Fed. R. Civ. P. 26(b)(1) was amended to rely on the common-sense concept of proportionality Chief Justice John Roberts wrote in the 2015 Year-End Report on the Federal Judiciary that "the pretrial process must provide parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery."

If the Court allows for the designation of experts in this condemnation action for a nonexclusive temporary easement for a right of entry, then the United States anticipates being in a position to designate responsive experts within 120 days of the scheduling order in this case.

**G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Defendants have the burden of proof of establishing value of property interest taken. *United States v. 8.41 Acres of Land*, 680 F.2d 388, 392 (5th Cir. 1982).

The United States has not been able to locate the landowner at this time and does not know the position of the defendant(s).

**H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

The United States objects to the use of experts depositions in this condemnation action because said mechanism exceeds the scope of discovery under Federal Rule of Civil Procedure 26(b)(1). Specifically, expert depositions are not proportional to the needs of this condemnation action considering the amount in controversy and the importance of the discovery in resolving the issues; the cost of any proposed expert depositions would exceed the amount in controversy.

> If the Court allows for the designation of experts in this condemnation action for a nonexclusive temporary easement for a right of entry, then the United States anticipates being in a position to depose any expert within 150 days of the scheduling order in this case.

**11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The United States has not been able to locate the landowner and does not know the position of the defendant(s).

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

None at this time.

**13. State the date the planned discovery can reasonably be completed.**

The United States does not believe discovery is necessary in this case. If the Court allows for discovery in this condemnation action for a nonexclusive temporary easement for a right of entry, then the United States anticipates that discovery can be reasonably completed in 180 days.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The United States believes that a prompt settlement or resolution of this matter is possible once we are able to locate and negotiate with the landowner.

**15. Describe what each party has done or agreed to do to bring about a prompt resolution.**

Prior to filing suit, on or about October 17, 2018, Mr. Servando Luera executed a Right of Entry agreement. Due to its impending expiration, a first Addendum letter, requesting an extension of the time element of the original Right of Entry, was mailed to Mr. Luera on February 5, 2020.

**On February 11, 2020**, United States representative called, left a voicemail and sent a text message for Mr. Luera.

**On February 12, 2020**, United States representative called, left a voicemail and sent a text message for Mr. Luera.

**On February 13, 2020**, United States representative spoke briefly with Mr. Luera regarding the property and both agree to discuss the Right of Entry Addendum later that day.

**On February 13, 2020**, United States representative subsequently called, left a voicemail and sent a text message for Mr. Luera.

**On February 14, 2020**, United States representative called, left a voicemail and sent a text message for Mr. Luera.

**On February 18, 2020**, United States representative called, left a voicemail and sent a text message for Mr. Luera.

**On February 19, 2020**, United States representative called, left a voicemail and sent a text message for Mr. Luera.

**On February 19, 2020**, United States representative called Medina Electrical Co-op and spoke with an employee who had been working with Mr. Luera and requested a callback from Mr. Luera.

**On February 20, 2020**, United States representative called, left a voicemail and sent a text message for Mr. Luera.

**On February 21, 2020**, United States representatives called, left a voicemail and sent a text message for Mr. Luera.

**On February 21, 2020**, United States representative called Medina Electrical Co-op and spoke with an employee who had been working with Mr. Luera and requested Medina Electrical Co-op to contact Mr. Luera, with a request that a return call be made to the same.

**On February 24, 2020**, United States representative called, left a voicemail and sent a text message for Mr. Luera.

**On February 27, 2020**, United States representatives called, left a voicemail and sent a text message for Mr. Luera. United States representative also called Medina Electrical Co-op and an employee who personally knows Mr. Luera was able to confirm the cell phone number. Medina Electrical Co-op employee also stated "Servando does not want to be found by you guys".

**On March 5, 2020**, a second letter, requesting an extension of the time element of the original Right of Entry, was mailed to Mr. Luera.

**On April, 2020**, multiple contact attempts to Mr. Luera were made via telephone. Attempts were unsuccessful.

**On May 4, 2020**, United States representative called Mr. Luera and there was no answer.

**On May 8, 2020**, United States representative called and left a voicemail for Mr. Luera.

**On May 15, 2020**, United States representative called Mr. Luera and there was no answer.

**On May 18, 2020**, United States representative called and left a voicemail for Mr. Luera.

**On June 2, 2020**, United States representative called Mr. Luera and there was no answer.

**On June 19, 2020,** United States representative called and left a voicemail for Mr. Luera.

**On July 7, 2020**, United States representative called Mr. Luera and there was no answer.

**On July 27, 2020**, United States representative called Mr. Luera and there was no answer.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    The United States is amenable to formal and informal dispute resolution alternatives. Formal dispute resolution would be effective at the end of the discovery period, if the court allows for discovery.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The United States does not agree to a trial before a Magistrate Judge.

18. **State whether a jury demand has been made and if it was made on time.**

    The United States makes no demand for a jury trial.

19. **Specify the number of hours it will take to present the evidence in this case.**

    The evidence in this case could be presented in eight hours.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None at this time.

21. **List other motions pending.**

None at this time.

**22.** **Indicate other matters peculiar to this case, including discovery that deserve the special attention of the court at the conference.**

None at this time.

**23.** **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

**For the Plaintiff**:

MANUEL MUNIZ LORENZI
Assistant United States Attorney
Southern District of Texas No. 3381592
Puerto Rico Bar No. 21246
1701 W. Bus. Highway 83, Suite 600
McAllen, TX 78501
Telephone: (956) 992-9435
Facsimile: (956) 618-8016
Email: Manuel.Muniz.Lorenzi@usdoj.gov

Respectfully submitted,

**RYAN K. PATRICK**
United States Attorney
Southern District of Texas

By: *s/Manuel Muniz Lorenzi*
**MANUEL MUNIZ LORENZI**
Assistant United States Attorney
Southern District of Texas No. 3381592
Puerto Rico Bar No. 21246
1701 W. Bus. Highway 83, Suite 600
McAllen, TX 78501
Telephone: (956) 992-9435
Facsimile: (956) 618-8016
E-mail: Manuel.Muniz.Lorenzi@usdoj.gov

## **CERTIFICATE OF SERVICE**

I, Manuel Muniz Lorenzi, Assistant United States Attorney for the Southern District of Texas, do hereby certify on July 27, 2020, that a true and correct copy of the foregoing document will be mailed to the all parties for whom the United States has contact information.

By: *s/Manuel Muniz Lorenzi*
**MANUEL MUNIZ LORENZI**